## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WILMA M. PENNINGTON-THURMAN, | ) |
| | ) |
| Debtor | ) |
| | ) |
| _____ | ) |
| | ) |
| WILMA M. PENNINGTON-THURMAN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) Case No. 4:19CV3093 HEA |
| | ) |
| FEDERAL HOME LOAN MORTGAGE | ) |
| CORPORATION, et al., | ) |
| | ) |
| Appellees. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Appellant's Notice of Appeal of the Order
Denying Motion to Reopen Bankruptcy Case filed October 23, 2019, [Doc. No. 1],
Appellant's Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3), [Doc.
No. 2], Appellant's "Motion for Relief in the U.S. District Court First Sought in
the U.S. Bankruptcy Court and Denied," [Doc. No. 4], Appellees Millsap and
Singer, LLC and Federal Home Loan Mortgage Corporation Corporation's Motion
to Dismiss, [Doc. No. 10].   Also before the Court are the briefs filed by Appellant

and Appellee Bank of America NA.

Appellant appeals the Bankruptcy Court for the Eastern District of Missouri's Order denying Appellant's Motion to reopen her Chapter 7 Bankruptcy. Appellees' Millsap and Singer LLC and Federal Home Loan Mortgage Corporation   Corporation's move to dismiss Appellant's appeal. For the reasons set forth below, Appellees' Motion to Dismiss will be denied. The Bankruptcy Court Order Denying Appellant's Motion to Reopen will be affirmed.

## Background

Appellee Bank of America has provided a detailed background:

> More than nine years ago, the trustee of Pennington-Thurman's bankruptcy estate settled claims that she had asserted against Bank of America. Pennington-Thurman received a discharge of her personal liability on her mortgage loan from Bank of America. Her bankruptcy case was closed in late 2011. Because the discharge did not affect the bank's lien on Pennington-Thurman's property, *see In re Pennington-Thurman*, 559 F. App'x 600 (8th Cir. 2014), the bank pursued foreclosure. In response, Pennington-Thurman began a litigation campaign that has continued for years after the property was sold to the Federal Home Loan Mortgage Corporation ("Freddie Mac") at foreclosure in November 2014. In summary:
>
> • Pennington-Thurman first requested the bankruptcy court to reopen the bankruptcy case to permit her to sue Bank of America for allegedly violating the discharge injunction. The court denied this relief because such a claim would have no merit, and that decision was affirmed by two appellate courts. *See In re Pennington-Thurman*, 499 B.R. 329, 330 (B.A.P. 8th Cir. 2013), *aff'd*, 559 F. App'x 600 (8th Cir. 2014). The Supreme Court of the United States denied Pennington-Thurman's petition for certiorari and her petition for rehearing. *See Pennington-Thurman v. Bank of America, N.A.*, 574 U.S. 1034 (2014), *reh'g denied*, 135 S. Ct. 1489 (2015).

• Pennington-Thurman sued the bank and others in state court in 2014 in an effort to forestall foreclosure. The Missouri Court of Appeals dismissed an interlocutory appeal by Pennington-Thurman in Case No. ED 102300. After the circuit court entered a final judgment dismissing her claims, the court of appeals affirmed in part and dismissed in part. *Pennington-Thurman v. Bank of America, N.A.*, 486 S.W.3d 471 (Mo. App. E.D. 2016). The Supreme Court of Missouri overruled her transfer application in Case No. SC 95620.

• After the foreclosure sale, Pennington-Thurman attempted to remove an unlawful-detainer action filed against her by Freddie Mac to this Court. Judge White remanded the case for lack of subject-matter jurisdiction. *Bank of America v. Pennington-Thurman*, No. 4:15-cv-381 (E.D. Mo. Sept. 17, 2015).2 The Eighth Circuit dismissed Pennington-Thurman's appeal. *Bank of America v. Pennington-Thurman*, No. 15-3168 (8th Cir. Oct. 19, 2015).

• Pennington-Thurman sued Freddie Mac and the United States in this Court. Judge Sippel dismissed that case as frivolous. *Pennington-Thurman v. United States*, No. 4:15-cv-1628 (E.D. Mo. Oct. 28, 2015). The court of appeals summarily affirmed. *Pennington-Thurman v. United States*, No. 15-3593 (8th Cir. Feb. 19, 2016). Judge Sippel later denied a motion to reopen that case, and the court of appeals summarily affirmed that decision as well. *Pennington-Thurman v. United States*, No. 4:15-cv-1628 (E.D. Mo. Oct. 27, 2016), *aff'd*, No. 16-4346 (8th Cir. Feb. 27, 2017).

• Pennington-Thurman filed her second motion to reopen the bankruptcy case in 2016, alleging "fraud on the court." The bankruptcy court denied the motion, describing it as "nothing more than a demonstration of her fundamental misunderstanding of the bankruptcy process and administration of a bankruptcy estate." The Bankruptcy Appellate Panel dismissed Pennington-Thurman's appeal for failure to pay the filing fee.

• Pennington-Thurman petitioned the Supreme Court of the United States unsuccessfully for a writ of prohibition. *In re Pennington-Thurman*, 137 S. Ct. 83 (2016).

• Pennington-Thurman petitioned the Supreme Court of Missouri for a writ of prohibition in connection with the unlawful-detainer case. The court

denied her petition. *State ex rel. Pennington-Thurman v. Hess*, No. SC 96526 (Mo. June 29, 2017).

• Pennington-Thurman sued the bankruptcy judge, the trustee, the bank, and dozens of other defendants in this Court. Judge Perry dismissed this case on the basis of *res judicata*. *Pennington-Thurman v. Schermer*, No. 4:17-cv-1093 (E.D. Mo. Apr. 6, 2017). The Eighth Circuit affirmed. *Pennington-Thurman v. Schermer*, 713 F. App'x 519 (8th Cir. 2018).

• Pennington-Thurman appealed the state court's unlawful-detainer judgment in favor of Freddie Mac. The court of appeals dismissed the appeal. *Federal Home Loan Mortgage Corporation Corp. v. Pennington-Thurman*, No. ED 105058 (Mo. App. E.D. July 3, 2017).

• Pennington-Thurman filed suit against the United States, the bankruptcy court, and Attorney General Jeff Sessions in this Court. Judge Sippel dismissed that complaint for failure to state a claim. *Pennington-Thurman v. U.S.A.*, No. 4:17-cv-2536, 2017 WL 4810985 (E.D. Mo. Oct. 25, 2017). The Eighth Circuit summarily affirmed. *Pennington-Thurman v. U.S.A.*, No. 17-3357, 2018 WL 2046395 (8th Cir. Apr. 4, 2018).

• Pennington-Thurman filed a motion in state court to reopen the 2009 lawsuit against Bank of America that was resolved by the trustee in the 2010 settlement approved by the bankruptcy court. The circuit court denied that motion, and the Missouri Court of Appeals affirmed. *Pennington-Thurman v. Bank of America, N.A.*, 556 S.W.3d 68 (Mo. App. E.D. 2018).3

• Pennington-Thurman filed a petition for a writ of habeas corpus in the Supreme Court of the United States, identifying the bankruptcy judge and dozens of others as respondents and claiming that she was "not physically incarcerated, but mentally incarcerated by those in authority." The Court denied her leave to proceed *in forma pauperis*, citing its rule governing frivolous and malicious filings, and dismissed the petition. *In re Pennington-Thurman*, 139 S. Ct. 267 (2018).

• The documents attached to Pennington-Thurman's motion to reopen indicate that she also filed a frivolous lien against the property, requiring Freddie Mac to file suit to quiet title. Bank of America is not a party to that litigation, but Pennington-Thurman's attachments and CaseNet indicate that

Freddie Mac prevailed and obtained a money judgment against her, and she has appealed to the Missouri Court of Appeals in Case No. ED 107853.

## Discussion

Title 28, United States Code, Section 158 provides: "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." An appeal to a district court "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a). "To elect to have an appeal heard by a district court, a party must: (1) file a statement of election that conforms substantially to the appropriate Official Form; and (2) do so within the time prescribed by 28 U.S.C. § 158(c)(1)." Fed. R. Bank. P. 8005. Appellant elected to appeal to the district court pursuant to 28 U.S.C. § 158(a)(1).   Although Appellees Millsap and Singer, LLC and the Federal Home Loan Mortgage Corporation urge dismissal because Appellant failed to designate the record and failed to submit a statement of the issues, Appellant has subsequently attempted to do so. Jurisdiction in this Court is proper, and this appeal will not be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure.

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal

5

determinations de novo and findings of fact for clear error." *In re Falcon Prods., Inc.*, 497 F.3d 838, 840 (8th Cir. 2007). In appealing to the district court, appellant challenges the determination made by the Bankruptcy Court and asks the district court to review the Bankruptcy Courts determinations.

Appellees Millsap and Singer, LLC and the Federal Home Loan Mortgage Corporation argue Appellant's appeal should be dismissed as constitutionally moot and as equitably moot. Appellees also argue that Appellant lacks standing to bring this appeal.

**Constitutional Mootness**

Without citation to any Eighth Circuit case, Appellees Millsap and Singer LLC and the Federal Home Loan Mortgage Corporation argue the Eighth Circuit has "endorsed dismissal of an appeal where the facts render relief impossible." This analysis, however, is not before this Court. The issue before the Court is whether the Bankruptcy Court properly denied the Motion to Reopen, not whether Appellant could possibly obtain relief on substantive matters decided in the Bankruptcy Court had the Bankruptcy Court granted the Motion.

**Equitable Mootness**

Appellees argue Appellant's appeal should be dismissed as equitably moot. Relying on *FishDish, LLC v. VeroBlue Farms USA, Inc.*, No. 19-CV-3026 CJW,

2019 U.S. Dist. LEXIS 172676, at *15-16 (N.D. Iowa Oct. 4, 2019), Appellees

argue

> The doctrine of equitable mootness implicates two contrasting public policy
> concerns. First, there is an important interest in bankruptcy law to promote
> finality so court-approved reorganizations are able to go forward in reliance
> on an approval. *In re Info. Dialogues, Inc.*, 662 F.2d at 477. Second, there is
> a competing interest in a party's ability to secure review of a bankruptcy
> order which adversely affects the party. *Id.* A reviewing court must carefully
> balance these two considerations. See *In re Charter Commc'ns, Inc.*, 691
> F.3d 476, 478 (2d Cir. 2012).

*Id.* Further, Appellees urge the *FishDish* Court's conclusion:

> This Court finds the policy of finality to be more important than the public
> policy of permitting an appeal in this case. Thus, this factor weighs in favor
> of concluding the doctrine of equitable mootness applies.

*Id* at *16-17.   As the *FishDish* Court recognized, the doctrine of equitable

mootness sets out a detailed approach to dismissal of bankruptcy appeals in

situations involving Chapter 13 reorganizations and the consummation of the plan

of reorganization. "The doctrine of equitable mootness applies in bankruptcy

proceedings to 'promote an important policy of bankruptcy law that court-

approved reorganizations be able to go forward in reliance on such approval unless

a stay has been obtained.' *In re Info. Dialogues, Inc.*, 662 F.2d 475, 477 (8th Cir.

1981)." *Id.* The matter before the Court is an appeal from an Order in a Chapter 7

proceeding, and as such, Appellees have failed do demonstrate that the doctrine

applies.

7

**Standing to Appeal Bankruptcy Decision**

Appellees further argue that appellant does not have standing to appeal the Bankruptcy Court's decision because Appellant no longer has an interest in the property at issue. "Standing in a bankruptcy appeal is narrower than Article III standing." *Opportunity Fin., LLC v. Kelly*, 822 F.3d 451, 458 (8th Cir. 2016) (citation omitted). The Eighth Circuit has consistently "applied a person aggrieved standard" to determine appellate standing in Bankruptcy cases. *In re O & S Trucking, Inc. v. Mercedes Benz Fin. Servs. USA*, 811 F.3d 1020, 1023 (8th Cir. 2016). The narrower standing requirement reflects a need to limit collateral appeals and advances the public policy interest of providing finality in bankruptcy proceedings. *See Opportunity Fin., LLC*, 822 F.3d at 458; *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 n.4 (1st Cir. 2001).

"An appellant is a party aggrieved if the bankruptcy court order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *Opportunity Fin., LLC*, 822 F.3d at 458. "Under the person aggrieved doctrine, the appellant has the burden to demonstrate that the challenged order directly and adversely affect[ed] his pecuniary interests." *In re O & S Trucking, Inc.*, 811 F.3d at 1023. Potential pecuniary harm that is several steps removed from the challenged order is not sufficient to satisfy the aggrieved person requirement.

8

*Opportunity Fin., LLC*, 822 F.3d at 458. For standing to exist there must be a

"direct pecuniary impact." *Id.*

Appellant satisfies the standing requirement.   Through moving to reopen

her bankruptcy proceeding, Appellant was attempting to argue that the divestiture

of her interest in the property was improper.

**Issue on Appeal**

The issue presented for this Court's Appellate review is whether the

bankruptcy court abuse its discretion in denying Appellant's third motion to reopen

her Chapter 7 bankruptcy case.

> A decision denying a motion to reopen is reviewed for an abuse of discretion. *Apex Oil Co. v. Sparks (In re Apex Oil Co.),* 406 F.3d 538, 541 (8th Cir.2005). Under this standard, the Court's review focuses upon whether there was a failure to apply the proper legal standard or whether the findings of fact are clearly erroneous. *Official Comm. Of Unsecured Creditors v. Farmland Indus. (In re Farmland Indus.),* 397 F.3d 647, 650– 51 (8th Cir.2005). A bankruptcy court's ruling will not be reversed unless there is a " 'definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Apex Oil Co.,* 406 F.3d at 541 (quoting *Dworsky v. Canal St. Ltd. P'ship (In re Canal St. Ltd. P'ship),* 269 B.R. 375, 379 (8th Cir. BAP 2001)).

*In re Pennington-Thurman*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013), aff'd, 559 F.

App'x 600 (8th Cir. 2014).

Recognizing that Appellant is proceeding *pro se*, and thus applying a more

liberal interpretation of Appellant's brief, the Court concludes Appellant has failed

9

to establish that the Bankruptcy Court's denial of her motion to reopen was a clear error of judgment.   Appellant merely urges that her previous arguments throughout this lengthy legal marathon were correct, and therefore, she should get her way and have her Bankruptcy proceeding reopened to relitigate issues that have long been resolved.

Bankruptcy Code §350(b) states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision whether to grant a motion to reopen a case is committed to the discretion of the court, and a request to reopen should be granted "only where a compelling reason for reopening the case is demonstrated." *Mid-City Bank v. Skyline Woods Homeowners Ass'n. (In re Skyline Woods Country Club, LLC),* 431 B.R. 830, 835 (B.A.P. 8th Cir. 2010), *aff'd,* 636 F.3d 467 (8th Cir. 2011). The party seeking to reopen the case bears the burden of proving that cause exists. *In re Root*, 318 B.R. 851, 853 (Bankr. W.D. Mo. 2004).

The Bankruptcy Court properly set forth the standard for reopening Appellant's Chapter 7 Bankruptcy.   The Bankruptcy Court thoroughly discussed the history of Appellant's previous attempts to reopen the case, and the various court rulings which served as a basis to deny the Motion to Reopen.   Rather than abusing his discretion, the Bankruptcy Judge based his decision on sound legal

10

analysis:

> Reopening is not warranted here because no relief would be forthcoming to
> the Debtor. Her request is futile since the relief she seeks is completely
> lacking in merit. The Debtor seeks to mount an improper collateral attack on
> the prior decisions of the state and federal courts. *See Pennington-Thurman
> v. Bank of Am., N.A.,* 486 S.W.3d 471, 477 (Mo. Ct. App. E.D. 2016)
> (citation omitted)) ("The doctrine of *res judicata* operates to bar any claim
> that was previously litigated between the same parties or those in privity
> with them"); *Pennington v. Schermer*, No. 4:17-cv-1093, slip op. at 3 (E.D.
> Mo. April 6, 2017) (citation omitted) (elements are: "(1) the first suit
> resulted in a final judgment on the merits; (2) the first suit was based on
> proper jurisdiction; (3) both suits involve the same parties (or those in
> privity with them); and (4) both suits are based upon the same claims or
> causes of action."), *aff'd*, 713 Fed. Appx. 519 (8th Cir. 2018). I also deny
> any request by the Debtor for me to reverse the decision of another court as I
> do not stand in review of decisions of other courts.

(footnote omitted). Appellant had no valid ground for reopening her Chapter 7

Bankruptcy Proceeding and she has failed to produce any basis for finding that the

denial of her motion was an abuse of discretion.

## Conclusion

Based upon the foregoing analysis, the Court concludes that the denial of

Appellant's Motion to Reopen was not an abuse of discretion.

Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court Order denying

Appellant's Motion to Reopen is **AFFIRMED**.

An appropriate judgment is entered this same date.

Dated this 4th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE